TILLMAN PEARSON, Judge.
The plaintiff appeals from a summary final judgment entered in a slip-and-fall case. The question as to whether there is a genuine issue of material fact must be determined in this case upon the basis of whether an affidavit of one of the plaintiffs was properly disregarded by the court. We hold that the affidavit should have been considered by the' trial judge and that the summary final judgment was erroneously entered.
The plaintiffs are a 68-year-old woman and her elderly husband. The wife was injured when she fell in defendant’s store at a place where mustard had been spilled by a customer. In a deposition taken of the plaintiff-husband the only question regarding the mustard was: “Did you see this mustard on the floor?” The plaintiff-husband replied:
“I saw it right then, yes. It was on the floor and Ellis, the manager and another man were mopping it up.
“It must have been a large jar of mustard because it spread all over. It seems it spread over a space about half as large as this table.”
The questions immediately preceding the question and answer quoted above dealt with the sequence of events immediately after the husband discovered the wife’s fall. The trial judge interpreted the above answer on deposition to mean that the only time that the husband saw the mustard on the floor was after the wife fell.
At the time of the hearing on defendant’s motion for summary judgment the plaintiff-husband presented his own affidavit which in this particular is as follows:
“2. That on March 24, 1963, he entered the A & P Store located at 2801 S. W. 27th Avenue, Coconut Grove, Florida, at approximately 11:15 a.m. with his wife, SIRI KOFLEN.
“3. That upon entering the said store, his wife, SIRI KOFLEN, turned to the left to go to the manager’s office which was located approximately twelve (12) feet from the entrance of the store.
“4. That he then obtained a shopping basket and proceeded toward the vegetable department but on the way to the vegetable department, he remembered that his wife, SIRI KOFLEN, wanted him to get two chickens. He therefore made a left turn towards the meat department.
“5. That as he came along side the main aisle leading to the checking counters, he saw a mass of yellowish substance on the floor at the exact spot where his wife, SIRI KOFLEN, subsequently fell. He paid no attention *531 to this and proceeded toward the meat department.
“6. That upon arriving at the meat department, which was approximately thirty-five (35) feet from the spot where he first noticed the yellowish mass on the floor, he selected the two chickens and looked over the merchandise offered for additional items of interest.
“7. That he then proceeded toward the vegetable department, which was approximately forty (40) feet from the spot where he selected his meat. On the way to the vegetable department, he looked at packages and other merchandise of interest.
“8. That upon arriving at the vegetable counter and selecting some merchandise, he heard his name being called on the loud speaker a little past 11:30 a.m.”
The trial judge was of the opinion that this affidavit should be disregarded because it was an attempt by the plaintiff-husband to create an issue contrary to previously sworn testimony of the affiant. See Kramer v. Landau, Fla.App.1959, 113 So.2d 756. The question of whether the affidavit was properly disregarded is crucial because it is the only evidence offered to controvert the testimony of the store manager and the store employees that the mustard was removed from the floor as soon as was reasonably possible.
It is apparent that while the trial judge may have been correct in his interpretation of the affidavit as being in direct conflict with the plaintiff-husband’s sworn testimony, this is not necessarily so. It is possible that both the deposition and the affidavit may be true. In defending a motion for summary judgment, a party moved against is entitled to all reasonable inferences in his favor. Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116. We believe this rule includes giving to the previous deposition any reasonable meaning which will not conflict with the subsequently filed affidavit. Cf., Beikirch v. City of Jacksonville Beach, Fla. App.1964, 159 So.2d 898. Viewed in this light the husband’s testimony on deposition and affidavit may be interpreted to mean that he saw the mustard on the floor both before and after his wife’s fall. Therefore, a genuine issue was presented. The trial judge erroneously disregarded appellant-husband’s affidavit.
Reversed and remanded.