189 So.2d 171 (1966)
William F. LAKE, Administrator of the Estate of Joan Marie Lake, Deceased, and William F. Lake, Individually, Appellant,
v.
Ilias KONSTANTINU and Parke, Davis & Company, a Corporation, Appellees.
William F. LAKE, Appellant,
v.
Ilias KONSTANTINU and Parke, Davis & Company, a Corporation, Appellees.
William F. LAKE, Administrator of the Estate of Joan Marie Lake, Deceased, Appellant,
v.
Ilias KONSTANTINU and Parke, Davis & Company, a Corporation, Appellees.
Nos. 5649-5651.
District Court of Appeal of Florida. Second District.
July 15, 1966.
Rehearing Denied August 26, 1966.
*172 C. Wendell Harris, Vero Beach, and Dick Lee, Sarasota, for appellant.
Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellees.
WEHLE, VICTOR O., Associate Judge.
Appellant filed three suits in which all of which he was in some capacity seeking damages for the death of his minor daughter as a result of the ingestion of Chloromycetin, the trade name of the drug chloramphenicol manufactured by the defendant, Parke, Davis & Company (hereinafter referred to as Parke, Davis), and prescribed for the decedent by the defendant, Ilias Konstantinu, an orthopedic physician. The issues in the three cases are identical for the purposes of this appeal, which is from a summary judgment entered by the trial Court in each case in favor of the defendant, Parke, Davis. We find this action to be error and reverse.
The plaintiff's amended complaints insofar as they were directed to the defendant, Parke, Davis, were based on two theories, breach of implied warranty and negligence. Both theories are plainly referable to the developing body of law concerning manufacturer's liability.
The plaintiff's complaints charge that his daughter was killed by the administration of the drug Chloromycetin. Chloromycetin is made and sold only by Parke, Davis, which was the developer or inventor of the basic formula. The girl was suffering from some infection in her toe and her family physician, a general practitioner, Doctor Coggan, referred her to Dr. Konstantinu who ordered and prescribed the drug for the child. After a period of treatment of two years, the patient died, allegedly as a result of aplastic anemia due to chloromycetin intoxication.
Suits were filed and the defendant's Motions to Dismiss the amended Complaints for failure to state a cause of action were heard and denied after which the defendants filed answers denying all liability and all allegations of negligence on their part.
The attorneys for the defendant, Parke, Davis, took the deposition of Dr. Coggan on October 3, 1962. The attorneys for the defendant, Konstantinu, took Dr. Coggan's deposition on November 27, 1963. These depositions were on file at the time the defendant's Motion for Summary Judgment was argued before the trial Judge in August, 1964. The plaintiff took the deposition of the defendant, Konstantinu, on November 27, 1963, but this deposition was not officially filed in the Circuit Court until *173 December 16, 1964, some four months after the summary judgment had been entered. The attorneys for Dr. Konstantinu also took the deposition of the medical record librarian of Sarasota Memorial Hospital on June 20, 1963, but this deposition is immaterial to the present consideration. As far as the record here is concerned, the only other matters that appeared in the file other than pleadings were certain interrogatories propounded by the plaintiff to the defendant, Parke, Davis, in February, 1964, and the answers to such of these interrogatories as were sustained, which answers were all filed before the Motion for Summary Judgment was considered.
On July 17, 1964, the defendant, Parke, Davis, moved for summary judgment on the question of liability, which Motion in its essential parts merely stated: "for grounds therefor would show unto the Court that the pleadings and the deposition of the plaintiff shows that there is no genuine issue as to any material fact on the question of liability of said defendant." Argument was heard on the Motion and the trial Court entered an order and later a judgment on said order which merely recited that the matter had been heard and that the Motion was granted because there was no genuine issue as to any material fact.
It is impossible to determine from the record what matters were considered by the trial Judge in ruling on the Motion for Summary Judgment. The Motion was based on the pleadings and the "deposition of the plaintiff." There was no deposition of the plaintiff. There were two depositions of Dr. Coggan taken by the defendants and a deposition of the defendant, Dr. Konstantinu, taken by the plaintiff before the summary judgment, but not filed until many months thereafter. There were also the interrogatories and the answers to them on file.
Obviously if the trial Judge merely considered what the defendant, Parke, Davis' Motion had asked him to consider, to-wit: the pleadings and the "deposition of the plaintiff," there was no basis at all for his ruling. We must assume, therefore, that he considered all of the depositions, both those on file and the one that was taken earlier, but not filed until after his order, and we must also assume that he considered the interrogatories and the answers thereto because, absent such consideration, there would have been no possible justification for his ruling.
The answers to the interrogatories were in a definitely improper form, but no objections were made thereto. Rule 1.27 Florida Rules of Civil Procedure, 30 F.S.A. requires that answers to interrogatories must be under oath. Here the answers were not sworn to, but were merely signed by an assistant secretary of Parke, Davis, who then acknowledged before a notary that he had executed the answers in behalf of Parke, Davis, which is decidedly different from swearing to the truth of the answers. However, no objection was made to this lack of oath and we will not now consider it, but merely mention it so that in any further proceedings in this cause, the same errors may not be made.
The question, therefore, narrows itself to the issue as to whether the pleadings, deposition and interrogatories as answered, considered as a whole showed that there was no genuine issue as to any meterial fact.
The appellee has extensively briefed the question of the liability of the manufacturer of the drug to the ultimate patient. The brief in this aspect is utterly irrelevant as the sufficiency of the amended complaint in stating a cause of action was properly determined by the trial Court when it overruled the appellee's Motion to dismiss. On Motion for Summary Judgment, the only question to be considered is the existence of an issue of material fact.
The facts in the counts of the amended complaint based on warranty were (1) the manufacture and sale of the drug by Parke, Davis; (2) the warranty or holding out to the public by Parke, Davis that the *174 drug was reasonably fit for the purposes intended; (3) that it was not so fit, but (4) was in fact harmful and detrimental to the decedent's health and (5) that it caused her death.
Parke, Davis denied each of these facts in its answer. The plaintiff established the first fact by the answers of Parke, Davis to the interrogatories. The second fact was in part admitted by the defendant's answer when it stated affirmatively that the drug was reasonably fit for use by the general public. There was no evidence as to the balance of the second fact, i.e., the warranty or holding out, and it, therefore, stands as claimed by the complaint and denied by the defendant's answer. The third fact, i.e., was the drug not fit for use, remains at issue. The defendant did not attempt to offer any factual proof as to the fourth and fifth facts, although both of these facts were affirmatively established by the deposition of Dr. Coggan. In other words, all of the issues of material fact, except that of the holding out and the actual fitness for use of the drug had been established in favor of the plaintiff by the depositions and interrogatories, and on those two issues there was conflicting testimony as to the fitness for use and an absence of testimony as to the holding out. Under this condition of the record, a summary judgment for the defendant was obviously erroneous.
We now consider the counts of the amended complaint that were based on negligence. These counts charge negligence in the following particulars:
1. That Parke, Davis was negligent in failing to advise the medical profession in general and the decedent's physician specifically of the inherent dangers of the drug.
2. That Parke, Davis failed to heed warnings as to the danger of the drug and as to how it should be limited in application.
3. That Parke, Davis was negligent in that its advertising of the drug had been misleading.
4. That Parke, Davis was negligent in its allocation of funds for the safety and control of the drug.
5. That Parke, Davis was negligent in its lack of safety instructions to pharmacists to whom the drug was intrusted.
6. That Parke, Davis was negligent in failing to advise the public of the dangers of the drug.
7. That Parke, Davis was negligent in failing to adequately test the drug.
The answers to the interrogatories and the depositions of the two doctors failed to show that any of these charges of negligence had been negated to such an extent as to warrant summary judgment. Especially important in the ultimate disposal of this suit is the question of the sufficiency of the warnings attempted to be made by Parke, Davis in merchandising the drug and in persuading physicians to use it, which warnings varied from time to time as Parke, Davis became more and more aware of the drug's extremely dangerous potentiality and the danger inherent in its use. This issue above all others must certainly be submitted to a jury. As was said by Mr. Justice Thornal in Tampa Drug Company v. Wait, Fla., 103 So.2d 603, 607 and 609:
"The measure of the duty of the distributor of an inherently dangerous commodity is now well established to be the reasonable foreseeability of injury that might result from the use of the commodity. The care exercised in fulfilling this duty is in turn measured by the dangerous potentialities of the commodity as well as the foreseeable uses to which it might be put. When a distributor of an inherently dangerous commodity places it in the channels of trade, then by the very nature of his business he assumes the duty of conveying to those who might use the product a fair and adequate warning of its dangerous potentialities to the end that the user by the exercise of reasonable care on his own part shall have a *175 fair and adequate notice of the possible consequences of use or even misuse.
* * * * * *
"While some might conclude that the notice on the label quoted in the forepart of this opinion would meet the requirements of adequacy, we do not feel that such a conclusion can be reached as a matter of law. The differences in the various labels in evidence of themselves demonstrate that reasonable minds might well differ on the sufficiency of the notice furnished by this label. We think that the sufficiency of the warning to place a reasonable man on notice of the potentially fatal consequences of the commodity here involved and under the conflicting evidence in this record justified submitting the problem to the jury for determination. * * *"
To discuss all of the cases involving summary judgments is unnecessary. A movant for a summary judgment has the burden of demonstrating that there is no genuine issue on any material fact. All doubts regarding the existence of an issue are resolved against the movant and the evidence presented at the hearing plus favorable inferences reasonably justified thereby are liberally construed in favor of the opponent. Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780.
A motion for summary judgment for the defendant must be denied if the facts revealed by the depositions, etc., failed to overcome every theory on which, under the pleadings, plaintiff's position might be sustained. Strohm v. Winn Dixie Stores, Inc., 2d D.C.A. 1965, 174 So.2d 441.
Florida is committed to the "slightest doubt" rule and even though there is no conflict in the evidence, a motion for summary judgment should be denied where inferences are reasonably deducible therefrom casting doubt upon the issue of negligence. Booth v. Mary Carter Paint Co., 2d D.C.A. 1966, 182 So.2d 292.
Under the pleadings, the depositions and interrogatories herein, reasonable inferences could be drawn by a jury in favor of the plaintiff and, under such circumstances, the motion for summary judgment must be denied. Koflen v. Great Atlantic & Pacific Tea Co., 3d D.C.A. 1965, 177 So.2d 529.
In arriving at the above conclusions, we have leaned backwards to allow the defendant the benefit of using the answers to the interrogatories. However, we question its right to do so and if it were necessary to rule on this point, would find that the answers to the interrogatories were improperly considered by the trial Court insofar as they were proffered for the benefit of the defendant who had provided the answers. In any normal course of procedure at trial while a plaintiff may make use of defendant's answers to interrogatories as admissions or as prior inconsistent statements, nevertheless the defendant could not use his own answers as evidence, let alone impart a conclusive character to them. Yet in this cause, the defendant, answering the interrogatories, is seeking to make its answers conclusive upon the propounder of the interrogatories. Not even the ancient device of compurgation went that far for it at least required the aid of oath helpers who could join their oaths to that of the defendant. Rule 1.36 of the Florida Rules of Civil Practice was not meant to provide compurgation in an even easier form nor does it do so. If this were permitted, the defendant answering interrogatories could insert all manner of irrelevant and incompetent evidence in his answers and then demand that the Court consider these incompetent and irrelevant matters in support of the defendant's motion for summary judgment. It is true that under the rule, the defendant may offer supporting affidavits, but under the rule these affidavits must be made on personal knowledge and, under the decisions construing the rule, only evidence by affidavit can be admitted which would be admissible in a trial of a cause and such affidavits must do more than allege ultimate facts. See: Tarkoff v. Schmunk, 2d D.C.A. *176 1960, 117 So.2d 442; Dean v. Gold Coast Dealers, Inc., 2d D.C.A. 1963, 156 So.2d 546.
It would be most illogical to rule that equally incompetent evidence could be proffered by use of answers to interrogatories although inadmissible in affidavit form. On motions for summary judgment, it is the duty of the trial Judge under the rule to exclude from consideration all such facts in the proofs as would be inadmissible in evidence. Evans v. Borkowski, 1st D.C.A. 1962, 139 So.2d 472.
We, therefore, find that the trial Court committed error in entering the summary judgment. This, however, is not to rule that the defendant may not present a further motion for summary judgment based on new and/or corrected depositions, interrogatories and affidavits. It may well be that upon the making of such further motion and upon complete presentation by both parties of proper supporting or opposing evidence, the motion for summary judgment might properly be granted. At least the defendant should have the opportunity of renewing its motion. Cahill v. Cooney, 3d D.C.A. 1966, 182 So.2d 32.
SHANNON, Acting C.J., and PIERCE, J., concur.