McCAIN, Judge.
Plaintiffs, Helen Buntin, a minor, by and through William H. Buntin, her father and next friend, and William H. Buntin, individually, appeal from an adverse final summary judgment. We reverse.
Miss Buntin rented an apartment from the defendant. Its entrance consisted of an inside wooden door and an outside screen door. The screen door had a metal “kick-plate” on its inside and a “door closer” device to prevent it from slamming.
Miss Buntin opened the screen door and while in the process of opening the wooden door, the wind blew the screen door against her foot. The metal edge of the kickplate which allegedly extended below the screen door “sliced” into her heel severing the Achille’s tendon.
Apparently the door closer device did not function. Defendant asserted he was unaware of any defect in it or with the kick-plate prior to the accident, although he had been in and out of the premises frequently. Likewise, Miss Buntin disclaimed knowledge of any defects. Defendant had built the screen door, installed the door closer device and attached the kickplate.
Plaintiffs alleged negligence in maintaining a defective screen door. Defendant denied this and affirmatively pled con *132 tributory negligence. The trial court in granting the motion for summary judgment said:
“Taking the facts to be as testified to by the injured plaintiff in her deposition, the trial Court concludes that there is no cause of action.”
We find there were such conflicts of material issues as to preclude entry of summary judgment, i. e., the extent to which the metal kickplate extended below the bottom of the screen door, if it did indeed extend at all, and whether defendant knew of the kickplate’s dangerous propensities. This succinctly surfaces the rule that if a landlord is aware of a dangerous condition on the premises arising from latent defects, it is his duty to disclose such fact and his failure to do so may constitute negligence that renders him liable to the tenant for resulting injuries.[1]
It is axiomatic in summary judgment proceedings that all evidence before the court must be viewed in the light most favorable to the nonmoving party and the court should on motion for summary judgment indulge all proper and reasonable inferences in that party’s favor.[2]
Defendant contends that any material issues created by plaintiffs were through a conflict in their affidavits with Miss Buntin’s deposition. Be that as it may, the material issues cited above, were not born of such conflict. Furthermore, the reasonable inference rule applies when a deposition and affidavit of a party appear to be in conflict, and if it is possible that both the deposition and affidavit are true, then any reasonable inference must be resolved in favor of the party defending against the motion.[3]
Therefore, the final summary judgment appealed from is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
WALDEN and REED, JJ., concur.

. 20 Fla.Jur., Landlord and Tenant, § 115.

. Buck v. Hardy, Fla.App.1958, 106 So.2d 428; Wallace v. Boca Raton Properties, Inc., Fla.App.1958, 99 So.2d 637.

.Koflen v. Great Atlantic & Pacific Tea Co., Fla.App.1965, 177 So.2d 529.