HERSEY, Judge.
This is an appeal from a final order dismissing plaintiff’s complaint without leave to amend “without first proceeding through Medical Mediation pursuant to F.S. 768.44.”
We reverse on the authority of Aldana v. Holub, 381 So.2d 231 (Fla.1980) which declared Florida’s Medical Mediation Statute unconstitutional.
It is conceded that the amended complaint did not allege medical malpractice as to The University of Miami and Arthur G. Shapiro, M.D., appellees here, but did attempt to allege a cause of action for breach of warranty and for strict liability.
Relying on case law from other jurisdictions appellees contend that neither the treating physician nor the hospital can be found liable under theories of strict liability or breach of implied warranty for injuries sustained by a patient as a result of use of a drug prescribed by the physician and administered by an employee of the hospital. This being so, argue appellees, no cause of action could be stated and this Court should affirm, applying the familiar principle that the lower court should be affirmed when the judgment is consistent with any theory revealed by the record, regardless of the reasons stated by the trial judge.
Even if we were prepared to adopt the rule insulating the physician and the hospital from liability under the circumstances postulated by appellees, we are not prepared, at this stage of the pleadings, to accept as an inevitable conclusion that appellant will be unable to state a cause of action against appellees on any theory. The order from which this appeal is taken quite clearly demonstrates that the trial court con *1104 sidered submission of the claim to medical mediation an essential prerequisite to litigation.
Having made that determination it seems unlikely that other factors were taken into consideration. It is therefore appropriate to remand this cause to the trial court in order to give appellant her day in court unfettered by the unconstitutional impediment which cut short her initial efforts to seek redress for her injuries, at least insofar as these appellees are concerned.
We therefore reverse and remand for further proceedings.
REVERSED AND REMANDED.
MOORE and GLICKSTEIN, JJ., concur.