410 So.2d 646 (1982)
Robert C. PIPER, M.D., Appellant,
v.
Richard MOORE, As Personal Representative of the Estate of Harriet J. Moore, Deceased and Richard Moore, Individually, Appellee.
No. 80-1647.
District Court of Appeal of Florida, Third District.
March 9, 1982.
*647 Stephens, Lynn, Chernay & Klein and Robert M. Klein, Miami, for appellant.
Cohen & Cohen, Miami Beach, Greene & Cooper and Joan M. Bolotin, Miami, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Judge.
The jury found that the appellant-physician had negligently and improperly diagnosed and treated the plaintiff's wife, resulting in her death. At the trial, the defendant contended that the decedent had been guilty of comparative negligence in not seeking medical attention at an earlier state of her illness. After the verdict, the trial court set aside a finding of 25% comparative negligence and entered judgment for the full amount of the damages assessed on the ground that, as a matter of law, the "decedent was not negligent and that even if she were negligent, her negligence was not a legal cause of her death."[1] Rejecting the defendant's sole point on appeal, we agree with this determination. Whitehead v. Linkous, 404 So.2d 377 (Fla. 1st DCA 1981); Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975); see, Borenstein v. Raskin, 401 So.2d 884 (Fla. 3d DCA 1981), and cases cited.
Affirmed.
NOTES
[1] The trial judge announced beforehand that he would take this course if the jury made a finding of comparative negligence. Once again, we heartily endorse this efficient practice. E.g., Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980), review denied, 392 So.2d 1373 (Fla. 1980).