433 So.2d 17 (1983)
Eleanor MACK and Robert Mack, Sr., Appellants/Cross Appellees,
v.
Manual G. GARCIA, M.D., et al., Appellees/Cross Appellants.
No. 81-2292.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
Rehearing Denied July 7, 1983.
Kocha & Houston, West Palm Beach, Larry Klein and Jane Kreusler Walsh of the Law Offices of Larry Klein, West Palm Beach, for appellants/cross appellees.
Robert D. McAliley of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., West Palm Beach, for appellees/cross appellants.
HERSEY, Judge.
Appellant fell and broke her wrist as a result of the alleged negligence of another. Appellee, Dr. Garcia, diagnosed the fracture and treated it by attempting to align the bones and then applying a cast. X-rays disclosed this treatment failed to reduce or align the wrist. Nevertheless, appellee did not reset the wrist but left it cast in a neutral position and told appellant she would have a slight deformity. Appellant subsequently experienced swelling and pain, returned to appellee and was treated with a series of four casts. Despite the advice of *18 her husband, friends and neighbors, appellant failed to seek the advice of another physician. Appellant filed suit against the doctor for malpractice. The jury awarded appellant $25,000 which was reduced by 90 percent for her failure to mitigate damages.
At trial appellant requested a jury instruction on aggravation of an existing injury, Florida Standard Jury Instruction (Civil) 6.2(b) which provides:
Any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such injury. If you find that there was such an aggravation, you should determine, if you can, what portion of (claimant's) condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.
The appropriate rule was established by this court in Washewich v. LeFave, 248 So.2d 670 (Fla. 4th DCA 1971) upon which we commented (and which we followed) in Schwab v. Tolley, 345 So.2d 747, 751 (Fla. 4th DCA 1977) as follows:
[W]here the evidence reveals two successive accidents, and the defendant is only responsible for the second accident, the burden is on the plaintiff to prove to the extent reasonably possible what injuries were proximately caused by each of the two accidents. The jury should be instructed to make an apportionment of the damages as between the two accidents insofar as it may be reasonably possible to do so, but if an apportionment is impossible, the jury may be authorized to charge the defendant with all damages flowing from the entire injury.
It is clear from the evidence that appellee's treatment of appellant contributed to her injuries (damages). Accordingly, since appellee was responsible for only the latter of two successive accidents, it was reversible error not to have given the requested instruction.
Another issue on appeal is appellee's affirmative defense of failure to mitigate damages. Appellant's motion to strike that defense was denied and the issue was submitted to the jury to determine whether a reasonable person in appellant's position would have known from all the facts and circumstances that expert (orthopedic) advice was required when the wrist failed to align itself properly and other adverse symptoms presented themselves.
Public policy dictates, and other jurisdictions have held, that a patient does not have an obligation or duty to determine whether an injury is being properly treated by a physician. Any other rule would offend common sense by requiring the patient to be the judge of a physician's professional competence. Thus it was error not to strike that defense.
Appellee cross appeals the trial court's refusal to permit the amount recovered from the original tortfeasor (whose negligence caused the wrist to be broken) to be set off against the damages awarded in this case. We need not consider this point as it has been rendered moot. However, upon a new trial which we hereby grant, we note that a setoff should be permitted if the jury determines that damages cannot be apportioned and thus awards a judgment to appellant and against appellee for all injuries sustained by the fall and by the malpractice. Conversely, if damages are apportioned so that appellee is responsible only for damages caused by his malpractice, he will not be entitled to a setoff because that award compensates for damages only for the initial injury (before any treatment). A special verdict form will be necessary to ascertain whether or not the jury apportions the damages.
In conclusion we reverse and remand for a new trial at which the instruction on aggravation of a preexisting injury is to be given. The affirmative defense should be stricken. Set-off shall be permitted under the circumstances we have indicated above.
REVERSED and REMANDED.
*19 HURLEY, J., concurs.
BERANEK, J., concurs specially with opinion.
BERANEK, Judge, concurring specially.
I concur in the result reached by the majority but do not agree that error occurred in failing to give the aggravation instruction. Aggravation of a preexisting condition was simply not presented as a factual issue in this case. The jury found Dr. Garcia 10% negligent and plaintiff 90% negligent in failing to mitigate her own damages. My view of the record is that the case was presented to the jury on the theory that all of the plaintiff's damages were the result of the doctor's negligence or the plaintiff's negligence in her own conduct after the accident. I do agree that the jury should not have been instructed on the defense of failure to mitigate damages and in view of the jury verdict, a new trial is warranted. Since I am not certain what will happen at the new trial, I would not absolutely require that the instruction on aggravation be given.