444 So.2d 449 (1983)
Anne Marie MacMURDO a/K/a Anne Marie Stafford, Appellant,
v.
The UPJOHN COMPANY, et al., Appellees.
No. 82-1334.
District Court of Appeal of Florida, Fourth District.
December 21, 1983.
Rehearing Denied February 16, 1984.
*450 Bryan S. Henry of Atkinson, Golden, Diner & Henry, P.A., Hollywood, for appellant.
G. William Bissett of Preddy, Kutner & Hardy, P.A., Miami, for appellees.
WALDEN, Judge.
This is a suit for personal injuries suffered by Anne Marie MacMurdo as a consequence of an injection of a drug, Depo-Provera, as a contraceptive. MacMurdo sued the drug supplier and manufacturer, The Upjohn Company. The trial court entered summary judgment in favor of Upjohn.[1] MacMurdo appeals.
The standards to be applied in the summary judgment procedure under Florida Rule of Civil Procedure 1.510 are so well known as to not require repeating.
We find that there were existent genuine issues of material fact which stood in the way of a summary judgment disposition.
For example, there was and is an issue as to the adequacy and sufficiency of the warning given by Upjohn to the medical community, Upjohn knowing of the dangerous side effects of the drug when used as a contraceptive. Here Upjohn supplied the following warning:
The use of Depo-Provera (medroxprogesterone acetate) for contraception is investigational since there are unresolved questions relating to its safety for this indication. Therefore, this is not an approved indication for this use.
At the hearing on motion for summary judgment, the trial judge commented as concerns the single dispositive issue he treated in granting the motion:
We're talking about the question whether Upjohn has done what it need to do, and frankly the reason I love to give a summary judgment is, when you put six people in the box, God knows what they're going to come out of the room with. But from a legal and equitable standpoint, it appears Upjohn is doing what it should. If you want a philosophical answer, I don't think Upjohn is doing what it ought to be doing by just giving written notice and indicating in a PDR what it is. I'm not here to change the law, I'm just here to interpret what's there.
If I were to sit down and write a statute having to do with the adequacy of it, I would probably hold Upjohn to a much stricter situation than the law holds them to at the present time.
Thereafter, the trial court specifically found as a basis for the summary judgment:
That the warnings contained in the package insert which are contained in the Court file were sufficient and adequate warnings to the medical community lawfully authorized to prescribe, dispense and administer prescription drugs.
Thus, it is clear that the trial court read the warning subjectively and determined as a matter of law that same was sufficient and adequate. This was error under the law of this state. It is not for judges but it is for *451 the jury to determine if a particular warning is adequate under the circumstances.[2]
In Tampa Drug Company v. Wait, 103 So.2d 603 (Fla. 1958), the Supreme Court considered, among other things, the adequacy of the warning contained on a label on a product, carbon tetrachloride, and determined that same was a jury question. Extracting from page 609, we see these statements which are applicable to the instant case:
While some might conclude that the notice on the label quoted in the forepart of this opinion would meet the requirements of adequacy, we do not feel that such a conclusion can be reached as a matter of law.
and
Implicit in the duty to warn is the duty to warn with a degree of intensity that would cause a reasonable man to exercise for his own safety the caution commensurate with the potential danger.
and, with further reference to the adequacy of the warning,
we do not agree that in a case such as this where the jury may draw varied inferences from the evidence properly before it that the trial judge should enter into the jury box and become an arbiter of the facts.
In Lake v. Konstantinu, 189 So.2d 171 (Fla. 2d DCA 1966), the adequacy of the warning furnished by the manufacturer of the drug, Chloromycetin, was at issue. Summary judgment had been entered in favor of the manufacturer, Parke, Davis. The Court reversed and stated at page 174:
Especially important in the ultimate disposal of this suit is the question of the sufficiency of the warnings attempted to be made by Parke, Davis in merchandising the drug and in persuading physicians to use it, which warnings varied from time to time as Parke, Davis became more and more aware of the drug's extremely dangerous potentiality and the danger inherent in its use. This issue above all others must certainly be submitted to a jury. (emphasis supplied)
Upjohn, in its brief, candidly recognized that the adequacy of a particular warning is generally a question of fact for jury determination and cites Lake v. Konstantinu, supra. However, Upjohn argues that here summary judgment was proper because there was no conflicting testimony on the issue. This, in our judgment, is an unsound position. In Lake v. Konstantinu, supra, where there was no conflicting evidence as to the warnings given, the Court stated, at page 175:
Florida is committed to the "slightest doubt" rule and even though there is no conflict in the evidence, a motion for summary judgment should be denied where inferences are reasonably deducible therefrom casting doubt upon the issue of negligence. Booth v. Mary Carter Paint Co., 2d D.C.A. 1966, 182 So.2d 292.
Here, the jury could have considered the dangerous propensities of Depo-Provera and decided that the warning given was insufficient because it was not sufficiently intense or was not sufficiently explicit and detailed or was not sufficiently alarming or was not sufficiently prohibitive or for other reasons. Of course, it could have decided oppositely. But, in all events, the adequacy of the warning is for the jury to decide and may not be disposed of by summary judgment.
We reverse and remand for trial by jury.
LETTS, J., concurs specially with opinion.
HERSEY, J., dissents with opinion.
LETTS, Judge, concurring specially.
Much as I would like to, I cannot quarrel with Judge Walden's remarks which fairly reflect the state of the law in Florida.
However, this drug was never intended for use as a contraceptive and was designed *452 to treat abortions and endometriosis, as its accompanying literature so states. Yet the physicians here involved, prescribed it as a contraceptive notwithstanding the written statement that it was not approved for such a purpose. To me, I would prefer the view of the Federal Court in Tennessee which found label warnings to be adequate as a matter of law. See Dunkin v. Syntex Laboratories, Inc., supra.
One would hope the jury will conclude that the manufacturer's warnings were adequate, but as the trial judge below suggested, it is not unheard of for the jury to be swayed in its findings by the injuries received rather than the instructions given.
HERSEY, Judge, dissenting.
With respect, I dissent. Appellant states:
The issues of material fact to be determined by a jury in MACMURDO's negligence claim are whether the drug, Depo-Provera, was indeed defective and whether said defect caused the injuries claimed by the Appellant; whether UPJOHN gave warnings to the public through the various physicians and health care providers to whom the drug was distributed; whether the warnings, if given by UPJOHN to the physicians and health care providers, were adequate warnings of the nature and dangerous quality of the drug; and whether UPJOHN attempted to remove the drug from the market or recall and reclaim the drug from unwitting purchasers.
Considering the supposed issues of material fact seriatim, there is not a scintilla of evidence that the drug is defective (as opposed to inherently dangerous); there is no duty on the manufacturer to warn the general public (Buckner v. Allergan Pharmaceuticals, Inc., 400 So.2d 820 (Fla. 5th DCA 1981); physicians were warned through the Physicians Desk Reference and by package inserts that "use of Depo-Provera ... for contraception is investigational since there are unresolved questions relating to its safety for this indication. Therefore, this is not an approved indication for this use," and, finally, it is irrelevant and immaterial whether Upjohn did or did not attempt to remove or reclaim the drug for whatever reason.
The only issue worthy of consideration is that of the sufficiency of the warnings given to health care providers. That the adequacy of a warning required to be given to health care providers rather than to the general public may become a question of law is illustrated by the cases of Dunkin v. Syntex Laboratories, Inc., 443 F. Supp. 121 (W.D.Tenn. 1977) and Chambers v. G.D. Searle & Co., 441 F. Supp. 377 (D.Md. 1975).
The record here does not support the proposition that reasonable men could disagree as to the adequacy of the warnings, let alone reasonable physicians. For that reason I discern no genuine issues of material fact requiring jury determination and I would therefore affirm.
NOTES
[1] There are other defendants but they are not involved in this summary judgment on appeal.
[2] For a contrary view, see Chambers v. G.D. Searle & Co., 441 F. Supp. 377 (D.Md. 1975) aff'd, 567 F.2d 269 (4th Cir.1977); Dunkin v. Syntex Laboratories, Inc., 443 F. Supp. 121 (W.D.Tenn. 1977).