SHARP, Judge,
dissenting.
I dissent because I think summary judgment should not have been granted. The record presented material questions of fact concerning Aquaslide’s duty to provide warnings and instructions as to the size and depth of a pool necessary to ensure the safe use of the diving board involved in this diving accident. There was also a question whether the warnings and instructions which were provided were adequate.
Counsel for appellee conceded that the diving board involved in this case was safe only if used by children, but hazardous if used by adults, when used with the size pool where Fleming was injured. The only party in this case who had the information about how far the board would spring an average-sized adult or child was the manufacturer, Aquaslide. The need for warnings, or the adequacy of those given, are properly questions for the jury. Macmurdo v. Upjohn Company, 444 So.2d 449 (Fla. 4th DCA 1983); Giddens v. Denman Rubber Manufacturing Company, 440 So.2d 1320 (Fla. 5th DCA 1983); Robinson v. Broward County School Board, 405 So.2d 274 (Fla. 4th DCA 1981).