SCHWARTZ, Chief Judge
(dissenting in part).
Although the issue is close, I concur with the conclusion that the record does not demonstrate error with respect to the jury’s minimal damage award. I do not agree, however, that there is any basis for the finding of comparative negligence. As I understand it, this determination arises only from the claim that Gumper endured the pain caused by the defendant’s defective root canal work too long before seeking relief. I cannot believe, however, that even excessive stoicism in the face of the agony which almost inevitably follows dental treatment may properly be deemed conduct which falls below that of a reasonable person. See Mack v. Garcia, 433 So.2d 17, 18 (Fla. 4th DCA 1983), pet. for review denied, 440 So.2d 352 (Fla.1983) (“[A] patient does not have an obligation or duty to determine whether an injury is being properly treated by a physician.”); Piper v. Moore, 410 So.2d 646 (Fla. 3d DCA 1982). A rule that a person whose teeth hurt after he goes to a dentist must go back to that dentist or to another one at any particular time may be a great (but unnecessary) boon to the dental profession, but it does not comport with the experience of life; therefore, it should not be accepted as a principle of law. For this reason, I would order that judgment be entered for the full amount of the plaintiff’s damages.