491 So.2d 1182 (1986)
Donna RICCI and Thomas Ricci, Appellants,
v.
PARKE-DAVIS & COMPANY, a foreign Corporation; Women's Awareness, Inc., a Dissolved Florida Corporation; Sandra Lee Yerger, R.M. F/K/a Sandra Nycum: and Edward Buonopane, M.D., Appellees.
No. 84-2426.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
Rehearing Denied August 20, 1986.
Fred Chikovsky, Hollywood and Jay M. Levy, of Hershoff and Levy, P.A., Miami, for appellant.
Richard A. Sherman, of Law Offices of Richard A. Sherman, Fort Lauderdale, for appellee Parke-Davis & Co.
STONE, Judge.
This is an appeal from an order granting summary judgment in favor of the defendant-manufacturer of birth control pills. Appellant had sued for personal injury resulting from an alleged failure to adequately warn.
It is undisputed that the appellee-manufacturer had a duty to warn the medical community with respect to any potential side effects from the use of its product. Buckner v. Allergan, 400 So.2d 820 (Fla. 5th DCA 1981), pet. for rev. denied, 407 So.2d 1102 (Fla. 1981). The primary issue to be tried in this case was the sufficiency of the warnings and information furnished by Parke-Davis & Company to the doctors and health care providers prescribing and administering the pills. The adequacy and sufficiency of these warnings is clearly a jury issue in Florida. MacMurdo v. Upjohn Co., 444 So.2d 449 (Fla. 4th DCA 1983); Lake v. Konstantinu, 189 So.2d 171 (Fla. 2d DCA 1966); Tampa Drug Company v. Wait, 103 So.2d 603 (Fla. 1958).
The appellee-manufacturer argues that there is overwhelming evidence that the doctors in this case all received and understood the warnings which were furnished, and that they considered the warnings and information provided by it to be adequate. However, plaintiff has raised a genuine issue of material fact, which was supported by the affidavit of at least one non-treating *1183 physician, placing in issue the adequacy of the warning.
Although there may be strong deposition testimony by the medical witnesses in favor of the defense, the appellant is entitled to have these disputed fact issues determined by a jury and not as a matter of law.
Accordingly, we reverse and remand for further proceedings.
GLICKSTEIN and GUNTHER, JJ., concur.