536 So.2d 337 (1988)
The UPJOHN Company, Appellant/Cross Appellee,
v.
Anne Marie MacMurdo, a/K/a Anne Marie Stafford, Appellee/Cross Appellant.
No. 87-0671.
District Court of Appeal of Florida, Fourth District.
December 21, 1988.
*338 John A. Reed, Jr., of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, G. William Bisset of Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson, Miami, and David M. Covey of Sedgwick, Detert, Moran & Arnold, New York City, for appellant/cross appellee.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, for appellee/cross appellant.
ANSTEAD, Judge.
This is an appeal in a products liability case by a drug manufacturer, The Upjohn Company, from a final judgment entered upon a jury verdict in favor of the appellee, Anne Marie MacMurdo. This is the third appearance of the case in this court.[1] Upjohn now appeals the denial of its motions for directed verdict on liability, while MacMurdo cross appeals the denial of her motion for directed verdict on the issue of comparative negligence.
Upjohn manufactures the drug Depo-Provera. MacMurdo, then age twenty-four, received two injections of the drug for contraceptive purposes: once in May, 1974, when she received an injection by a gynecologist in New Orleans; and again in August, 1974, when she received a second injection from a gynecologist in Miami. Following the second injection, MacMurdo experienced excessive, continuous, and prolonged menstrual bleeding. MacMurdo claims that her bleeding condition was caused by the Depo-Provera and that because Upjohn failed to adequately warn of such side-effects, her physician failed to diagnose the cause of her condition, ultimately resulting in her decision to have a hysterectomy to stop the bleeding. The case was submitted to the jury on two theories of liability: (1) Upjohn's alleged negligence in marketing the drug and, (2) its alleged negligent failure to adequately warn of the potential consequences of the use of the drug. The jury found for Upjohn on the first issue and for the plaintiff on the second. It further found the plaintiff was 49% comparatively negligent.

UPJOHN'S APPEAL
At issue in the main appeal is Upjohn's liability for its alleged failure to adequately warn the medical community *339 that the drug in question may cause excessive and prolonged menstrual bleeding, and the existence of a causal connection between this failure to warn and the plaintiff's subsequent hysterectomy, allegedly performed as treatment for the bleeding problem. Upjohn claims that the evidence was insufficient to support a verdict in MacMurdo's favor. In a previous appeal Judge Walden pinpointed the legal standard to be utilized in determining whether the case should go to a jury:
In Lake v. Konstantinu, 189 So.2d 171 (Fla. 2d DCA 1966), the adequacy of the warning furnished by the manufacturer of the drug, Chloromycetin, was at issue. Summary judgment had been entered in favor of the manufacturer, Parke Davis. The Court reversed and stated at page 174:
Especially important in the ultimate disposal of this suit is the question of the sufficiency of the warnings attempted to be made by Parke Davis in merchandising the drug and in persuading physicians to use it, which warnings varied from time to time as Parke, Davis became more and more aware of the drug's extremely dangerous potentiality and the danger inherent in its use. This issue above all others must certainly be submitted to a jury. (emphasis supplied)
Upjohn, in its brief, candidly recognized that the adequacy of a particular warning is generally a question of fact for jury determination and cites Lake v. Konstantinu, supra. However, Upjohn argues that here summary judgment was proper because there was no conflicting testimony on the issue. This, in our judgment, is an unsound position. In Lake v. Konstantinu, supra, where there was no conflicting evidence as to the warnings given, the Court stated, at page 175:
Florida is committed to the "slightest doubt" rule and even though there is no conflict in the evidence, a motion for summary judgment should be denied where inferences are reasonably deducible therefrom casting doubt upon the issue of negligence. Booth v. Mary Carter Paint Co., 2d DCA 1966, 182 So.2d 292.
Here, the jury could have considered the dangerous propensities of Depo-Provera and decided that the warning given was insufficient because it was not sufficiently intense or was not sufficiently explicit and detailed or was not sufficiently prohibitive or for other reasons. Of course, it could have decided oppositely. But, in all events, the adequacy of the warning is for the jury to decide and may not be disposed of by summary judgment.
We reverse and remand for trial by jury.
MacMurdo v. Upjohn Company, 444 So.2d 449, 451 (Fla. 4th DCA 1983).
MacMurdo asserts that we need to look no further than Judge Walden's opinion as the law of the case as a basis for affirmance, while Upjohn claims that our prior opinion is not necessarily controlling upon a trial court's decision on a motion for directed verdict at trial. We agree with both views, but believe our prior decision is controlling in this instance. A determination on a motion for summary judgment that a triable issue exists may not be controlling at a subsequent trial, if for no other reason than that the mere ruling that a movant for summary judgment has not carried its burden to demonstrate a lack of an issue at one time may not be true at another point in time. However, we are convinced by a review of the record in this case that substantially more evidence on the issue of liability was presented at trial than existed at the time this court reviewed and reversed the summary judgment entered in favor of Upjohn. Under these circumstances we believe we are bound by our previous legal holding to approve the decision of the trial court to submit this case to the jury. Even if not bound by Judge Walden's opinion, our review of the evidence presented at trial compels us to conclude that the case was properly submitted to the jury. Cf. Ricci v. Parke-Davis & Co., 491 So.2d 1182 (Fla. 4th DCA), rev. denied, 501 So.2d 1283 (Fla. 1986). While there was considerable evidence *340 presented that may have supported a verdict for Upjohn, there was also substantial evidence presented that the drug in question caused MacMurdo's bleeding problem, that the warnings were insufficient to alert her physicians of this risk, and that her hysterectomy was performed to treat the bleeding condition.

THE CROSS APPEAL
On cross appeal, MacMurdo argues that she was entitled to a directed verdict on the issue of comparative negligence. The record is unclear as to the factual basis of Upjohn's allegations of comparative negligence and the jury's findings relative thereto. No factual basis is contained in the answer. At trial Upjohn argued at one point that MacMurdo's history of prior casual drug use constituted comparative negligence. At another point, just when it appeared the trial court was not going to submit the issue to the jury, it was asserted that the defense was based on MacMurdo's alleged desire to be sterilized when she returned to Dr. Levy for treatment of her bleeding condition. During oral argument, appellant's counsel candidly conceded the lack of evidence connecting appellee's prior drug use to her bleeding condition. Our own review of the record supports this concession. However, Upjohn claims that MacMurdo's decision to have a hysterectomy constitutes a sufficient basis to find her comparatively negligent. We disagree.
Upjohn argues that the jury could have inferred that MacMurdo was negligent by opting to proceed with a hysterectomy without considering available alternatives to treat her bleeding problem. Inherent in this position is the implication that MacMurdo had a duty to question and challenge her physician's advice, or to seek a second medical opinion. This court has previously rejected similar contentions:
Public policy dictates, and other jurisdictions have held, that a patient does not have an obligation or duty to determine whether an injury is being properly treated by a physician. Any other rule would offend common sense by requiring the patient to be the judge of a physician's professional competence.
Mack v. Garcia, 433 So.2d 17, 18 (Fla. 4th DCA), rev. denied, 440 So.2d 352 (Fla. 1983), appeal after remand, 453 So.2d 465 (Fla. 4th DCA 1984).
In Norman v. Mandarin Emergency Care Center, Inc., 490 So.2d 76 (Fla. 1st DCA 1986), the court rejected the argument that a patient could be contributorily negligent by failing to seek other medical advice (i.e., a second medical opinion) when the degenerating nature of his condition became apparent to him after the initial treatment. Citing this court's Mack decision, the court stated that "public policy dictates that a patient does not have an obligation or duty to determine whether an injury is being properly treated." Id. at 78 (emphasis added). In Piper v. Moore, 410 So.2d 646 (Fla. 3d DCA 1982), the court affirmed the trial court's setting aside a jury verdict which found decedent (plaintiff's wife) comparatively negligent by not seeking medical attention at an earlier state of her illness. The trial court found as a matter of law that "decedent was not negligent and that even if she were negligent, her negligence was not a legal cause of her death," based on cases holding that conduct prior to an injury or death may be considered as comparative negligence only if it is a contributing legal and proximate cause, not just a contributing cause in fact. Id. at 647. Cf. Gumper v. State, 474 So.2d 420 (Fla. 3d DCA 1985) (patient's delay in seeking treatment for five months after defendant dentist performed root canal is evidence of comparative negligence). Applying these cases here, it would appear that MacMurdo was not under a duty to determine whether a hysterectomy was the proper treatment, and even if she did request the hysterectomy, under Piper and the cases cited therein, such a request would seem to be at the most a contributing cause in fact, but not a legal cause of her injury.
Even assuming a legal duty on MacMurdo's part, we believe the proof fails to support Upjohn's theory of comparative negligence. Upjohn contends that the jury *341 could have found that MacMurdo decided to have a hysterectomy, not because of her bleeding problem, but rather, because she wished to be sterilized. We do not believe the evidence would support such a conclusion. Upjohn relies solely on a statement by Dr. Levy that MacMurdo asked for sterilization after she returned to him for help for her bleeding problem. Although initially he said that she requested the sterilization by hysterectomy, he later stated that he routinely tells a woman with a discomforting period that it would end with the performance of a hysterectomy. Levy testified that he informed MacMurdo of two methods of sterilization  tubal ligation or hysterectomy  and informed her of the fact that only a hysterectomy would stop her pain and bleeding. Levy also testified that Upjohn's warnings about the side effects of the drug did not alert him to the possibility that MacMurdo's bleeding condition was related to the use of the drug. Dr. Levy did not offer the cross appellant alternative means to help stop the bleeding, and stated that he did not know what he would have done to stop the bleeding had she not gone ahead with the hysterectomy. After reviewing the record, we do not believe that there was a sufficient basis in the evidence to hold that reasonable persons could differ on whether MacMurdo voluntarily had a hysterectomy outside the context of treatment for her bleeding condition, or that she had other treatment alternatives available to her at the time. Hence, we believe it was error to submit this issue to the jury.
Accordingly, we affirm the judgment on liability but reverse on the issue of comparative negligence and remand with directions that judgment be entered for MacMurdo in the full amount of her damages.
GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] MacMurdo v. Upjohn Co., 388 So.2d 1103 (Fla. 4th DCA 1980) (reversing order which dismissed complaint without leave to amend); MacMurdo v. Upjohn Co., 444 So.2d 449 (Fla. 4th DCA 1983) (reversing summary judgment for Upjohn on grounds that adequacy of warning is jury question).