433 So.2d 1224 (1983)
Raul MARRERO, As Personal Representative of the Estate of Enriqueta Marrero; Raul Marrero, As Father and Next Best Friend of Alejandro Marrero, a Minor Child; and Raul Marrero, Individually, Appellants,
v.
Glenn L. SALKIND, M.D. and Paul A. Gluck, M.D., Appellees.
No. 81-80.
District Court of Appeal of Florida, Third District.
June 14, 1983.
Rehearing Denied July 27, 1983.
Horton, Perse & Ginsberg and Mallory Horton, Bartel & Shuford, Miami, for appellants.
Thornton & Herndon and John E. Herndon, Jr., Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
The plaintiff, as personal representative of the estate of his wife, appeals a final judgment pursuant to a jury verdict finding *1225 defendants not guilty of medical malpractice or wrongful death. We reverse.
The plaintiff's wife was a patient of the defendant obstetricians. In three prior pregnancies, she had had one uncomplicated delivery, one stillbirth, and one breech birth; she was therefore identified as a "high risk patient" and her fourth pregnancy was carefully monitored. When the fetus was mature, the doctors induced labor utilizing the drug, pitocin. The patient experienced distress during delivery and died of a massive amniotic fluid embolism. Shortly thereafter, the baby was delivered alive by Caesarean section.
The only issue with which we are concerned is whether the trial judge erroneously refused to instruct the jury regarding the doctrine of concurrent causes.[1] Supported by testimony in the record, plaintiff contends that his wife's death was caused by the negligence of the doctors, in combination with a natural cause, the amniotic embolism. Following the recent enunciation of the principles of concurrent cause found in Goodman v. Becker, 430 So.2d 560 (Fla.3d DCA) (1983), we must agree with the plaintiff that the charge should have been given. As stated therein:
It is undisputed that this charge correctly reflects the equally unassailable principle that a wrongdoer remains liable for a consequent harm when the result is caused by a congruence of his own negligent act with a natural force or condition, often called an "Act of God,"... . Moreover, there is no doubt that the failure to give an applicable concurring causes instruction constitutes reversible error. (citations omitted)
Goodman v. Becker, supra, at 561.
On the authority of Goodman v. Becker, supra, and the cases cited therein, we reverse and remand for a new trial. Because of this disposition, we need not consider the other arguments raised by the appellants, but must consider the appellee's cross-appeal.
During the trial, the judge ruled that the medical mediation findings would not be allowed into evidence. Because these findings were filed prior to February 28, 1980, it was error to exclude them. Ruben v. Kelley, 402 So.2d 1165 (Fla. 1981); Aldana v. Holub, 381 So.2d 231 (Fla. 1980).
Reversed and remanded for a new trial.
NOTES
[1] Standard Jury Instruction 5.1(b).