434 So.2d 976 (1983)
Chester HIGGINS, Appellant,
v.
Dr. Wesley JOHNSON, Appellee.
No. 82-2628.
District Court of Appeal of Florida, Second District.
June 24, 1983.
Rehearing Denied July 18, 1983.
Adrienne S. Weitzner, Sarasota, for appellant.
William E. Partridge of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee.
OTT, Chief Judge.
In the trial of this malpractice action, the trial court erroneously refused to instruct the jury on concurring and intervening causes  Florida Standard Jury Instruction (Civil) 5.1(b) and (c). We therefore reverse for a new trial.
Appellant consulted appellee for low back pain. Appellee examined appellant, diagnosed a low back strain, and treated appellant chiropractically for several weeks. Appellant's condition grew progressively worse and ultimately resulted in serious paralysis and loss of bladder and bowel functions. Appellant sued the appellee for negligent failure to observe proper standards of chiropractic medicine resulting in the failure to timely diagnose, discover, or treat a malignancy which originated in the prostate, involved the spinal column, and subsequently resulted in compression of the spinal cord.
The issues at trial were the negligence of the appellee and contributing (comparative) negligence of appellant. Quite clearly, the negligence of the appellee, if any, did not produce the cancer but was alleged to have combined with a natural cause contributing substantially to the end result. The contributing negligence of appellant was alleged to be his failure to heed appellee's later suggestion that he should consult a medical doctor when appellant's condition continued to progress.
The trial court denied appellant's request at the charge conference for instruction of *977 the jury on subparagraphs (b) and (c) of Florida Standard Jury Instruction (Civil) 5.1 and only gave 5.1(a).[1] This left the jury with only the consideration of appellee's negligence as a legal cause of appellant's injury. The charges on concurrent and intervening cause are necessary in assessing the negligence of the parties, not simply in assessing the damages. See Little v. Miller, 311 So.2d 116 (Fla. 4th DCA 1975).
Appellant made a timely request for the instructions at the charge conference. After the trial court's failure to include 5.1(b) and (c) in the charge to the jury, appellant noted his objection in the record after the jury retired. We think this adequately preserved the point for appeal. See Spurlock v. State, 420 So.2d 875 (Fla. 1982).
The final judgment on the jury's verdict is VACATED and the case REMANDED for a new trial.
BOARDMAN and LEHAN, JJ., concur.
NOTES
[1] The following version of Florida Standard Jury Instruction (Civil) 5.1(a) was read to the jury:

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
Appellant requested 5.1(b) and (c), as follows:
(b) In order to be regarded as a legal cause of loss, injury, or damage, negligence need not be the only cause. Negligence may be the legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such loss, injury or damages.
(c) Negligence may also be a legal cause of loss, injury or damage even though it operates in combination with some natural cause or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury or damage, or the resulting loss, injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.