458 So.2d 817 (1984)
Ruth Haislip TILLEY, et al., Appellants,
v.
BROWARD HOSPITAL DISTRICT, etc., Appellee.
Nos. 83-2320, 83-2709.
District Court of Appeal of Florida, Fourth District.
October 31, 1984.
Rehearing Denied December 3, 1984.
Donald A. Wich, Jr., of Sullivan, Bailey, Gleason & Wich, P.A., Pompano Beach, for appellants.
Ellen Mills Gibbs of Gibbs & Zei, Fort Lauderdale, and William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
BARKETT, Judge.
The appellants, Mr. and Mrs. Tilley, sued the appellee hospital alleging medical malpractice resulting in the wrongful death of their infant son. At trial the jury returned a verdict for the hospital. The appeal of the ensuing judgment is based upon: (1) the trial court's failure to give standard jury instruction 5.1(b) on concurring cause; (2) the trial court's failure to give appellants' special jury instruction on the standard of care owed to a pregnant woman; (3) the trial court's failure to give appellants' jury instruction on the responsibility of the hospital for the actions of "borrowed servants"; and (4) the trial court's partial denial of appellants' pretrial motion in limine regarding the admissibility of the decision of the Medical Mediation Panel in this matter. We reverse.
*818 Appellant Ruth Tilley was seven months pregnant when her baby was delivered by Caesarean Section at the hospital. The baby had numerous medical problems and surgery was performed on two occasions. There was testimony that a surgical sponge was left inside the child after the second surgery. The child developed an infection shortly after that surgery, and died at the age of five months. The hospital contended death was due to natural causes including the prematurity of birth; the Tilleys contended death was due to the negligence of the hospital and its employees in delivering and treating the baby.
The only issue raised by appellants which we find has merit is the failure of the trial court to give standard jury instruction 5.1(b)[1] on concurring cause. The trial court justified the refusal to give the requested instruction on the ground that the requested instruction was subsumed by a version of standard jury instruction 5.1(c)[2] on intervening negligence, which was given.
If evidence adduced at trial creates an issue, litigants have the right to have the trial court instruct the jury on the law applicable to that issue. Goodman v. Becker, 430 So.2d 560, 561 n. 2 (Fla. 3d DCA 1983); Caputo v. Taylor, 403 So.2d 551, 554 (Fla. 1st DCA 1981); Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153, 154 (Fla. 2d DCA 1975). The standard for reviewing the failure to give a jury instruction is "whether ... there was a reasonable possibility that the jury could have been misled by the failure to give the instruction." Little v. Miller, 311 So.2d 116, 119 (Fla. 4th DCA 1975), quoting Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d at 155.
It is clear that the omitted standard jury instruction 5.1(b) addressed a material issue in the case. The record contains much expert testimony on the inherent problems of premature babies (the "natural cause" element), as well as much expert testimony on the possibly negligent conduct of the hospital in attending to Mrs. Tilley and the child (the concurring "negligent cause" element). Therefore the instruction was applicable and should have been given. Marrero v. Salkind, 433 So.2d 1224, 1225 (Fla. 3d DCA 1983), pet. for rev. den. sub nom. Salkind v. Marrero, 444 So.2d 418 (Fla. 1984); Goodman v. Becker, 430 So.2d 560, 561 (Fla. 3d DCA 1983).
The hospital argues, however, that notwithstanding the omission of the applicable instruction, the other charges given by the court sufficiently conveyed to the jury the law of concurrent causation. See Llompart v. Lavecchia, 374 So.2d 77, 80 (Fla. 3d DCA 1979). Specifically, appellee contends that the law presented in standard jury instruction 5.1(b), which was not charged, is included in standard jury instruction 5.1(c), which was charged. We disagree. We think the instructions mean what they clearly say. "Concurring" refers to negligence occurring "at the same time" as another possible cause, and "intervening" refers to some other possible cause occurring "after" the alleged negligence. There was evidence in the record supporting both instructions. The giving of one obviously cannot cure the lack of the other since the instructions apply to two entirely different situations.
Accordingly, there is a reasonable possibility the jury could have been misled when the trial court failed to instruct on concurring causes. Such failure to give the applicable concurring cause instruction constitutes *819 reversible error. Goodman v. Becker, 430 So.2d at 561; Little v. Miller, 311 So.2d at 119; Clooney v. Geeting, 352 So.2d 1216, 1219 (Fla. 2d DCA 1978).
Accordingly, we reverse and remand for a new trial in accordance herewith.
The remaining points raised by the appellants are without merit.
REVERSED.
WALDEN, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.
NOTES
[1] In order to be regarded as a legal cause of injury resulting in death, negligence need not be the only cause. Negligence may also be a legal cause of injury resulting in death, even though it operates in combination with some natural cause or some other cause, if such other cause occurs at the same time as the negligence, and if the negligence contributes substantially to producing such injury resulting in death.
[2] Negligence may also be a legal cause of injury resulting in death even though it operates in combination with the act of another or some natural cause or some other cause occurring after the negligence occurs, if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such injury resulting in death.