488 So.2d 100 (1986)
Patricia TITO, As Personal Representative of the Estate of Kenneth Felt, Sr., and Kenneth Felt, Jr., Surviving Minor Child of Kenneth Felt, Sr., by His Natural and Legal Guardian, Patricia Tito, Appellants/Cross Appellees,
v.
R.B. POTASHNICK, Aetna Casualty and Surety Company, Department of Transportation of the State of Florida, the Estate of Michael T. Roach, Jean I. Roach, and Progressive American Insurance Company, Appellees/Cross Appellants.
Nos. 83-2632, 84-2233.
District Court of Appeal of Florida, Fourth District.
April 16, 1986.
Rehearing Denied May 22, 1986.
*101 Edna L. Caruso and Philip M. Burlington of Edna L. Caruso, P.A., and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants/cross appellees.
Richard A. Sherman and Rosemary Wilder of Law Offices of Richard A. Sherman, and Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellees/cross appellants.
LETTS, Judge.
This appeal is taken on behalf of a three-year-old child whose father was killed in an automobile accident. At trial the child successfully obtained a jury verdict but argues on appeal that the $188,575 awarded for the loss of his father's support, services, future guidance, instruction and companionship (also mental pain and suffering) was "shockingly low" because of improper and highly prejudicial jury argument by the defense. We agree the argument was improper and reverse.
The plaintiff's case, during the trial and at closing argument thereon, made repeated reference to harm caused to the child because of the loss of his father and all the father-son activities that had been snuffed out by the accident for which the dead father was without fault. During closing argument, the defense responded as follows:
I think each and every one of us knows that this young lady is an attractive young lady, that this boy is going to have a father.
... .
[T]his boy is going to have a father sometime in the future. There is no doubt with as attractive as she is... .
... .
I just think that all of us would just  society, knowing society, knowing that at some point in time Kenny Felt is going to have a father who's going to be there, who's going to have a male influence in that family.
To these quoted defense comments the plaintiff objected, but they were found to be proper by the trial judge. We disagree.
There was not one scintilla of evidence to support the suggestion that the mother was going to be remarried and it cannot be presumed that attractive women always remarry. Indeed in the instant case the mother was not even married to the deceased father. More importantly, supposing the mother does choose another mate, and on that occasion legally marries him, there is no evidence whatever that this projected stepfather will adopt the child or obligate himself for the child's support. Arguing facts not in evidence or not warranted from the evidence is impermissible. Alford v. Barnett National Bank of Jacksonville, 137 Fla. 564, 188 So. 322, 329 (Fla. 1939), and Westbrook v. Bacskai, 103 So.2d 241 (Fla.3d DCA 1958). The defense insists on appeal that the child opened the door by repeatedly lamenting the loss of his father. However, we do not believe the quoted comment was permissibly responsive.
There remains the problem of whether the comment, though improper, is reversible. The jury did award $188,575 for damages pertinent to the improper comment which might support the view that the improper closing remarks went unheeded by the jury. Improper argument to the jury is not per se grounds for reversal unless inflammatory to the point where it will prejudice the plaintiff's interests. However, we are of the opinion that the quoted remarks were highly inflammatory and could not reasonably be presumed to do anything else but prejudice the jury.
WE FIND NO MERIT TO THE OTHER POINTS ON APPEAL OR CROSS APPEAL. REVERSED AND REMANDED FOR A NEW TRIAL.
GLICKSTEIN, J., concurs.
FEDER, RICHARD YALE, Associate Judge, concurs specially with opinion.
FEDER, RICHARD YALE, Associate Judge, concurring specially.
The total verdict for the child was $188,575.00 which on its face may seem to some *102 adequate, but on closer inspection becomes glaringly deficient. When broken down into its component parts, as the verdict was, the amount awarded for the loss of the father's advice and comfort during the child's formative years was only $52,333.00. The defendant suggests that this figure, only coincidentally and by mere happenstance, is almost exactly what the defense suggested it should be. The total verdict is, therefore, irrelevant when one item of damage is separately attacked.
The majority opinion, with which I concur, spells out the pernicious poison spewed out to the jury in the waning moments of the trial concerning the essential elements of the loss of a father's guiding hand. This child, bereft by the defendant of a father and bereft by life of legitimacy, was now bereft of damages by defense counsel. But this court is not bereft of reason or recourse.
As Judge Letts so aptly put it "the quoted remarks were highly inflammatory and could not reasonably be presumed to do anything else but prejudice the jury."
Having poisoned the well so that the jury accepted the $52,333.00 as adequate for the loss of a caring, supporting father, it seems rather callous of the defense to suggest a lack of prejudice. It seems difficult to understand a plea to overlook prejudicial remarks when the remarks succeed in their avowed purpose to inflame and prejudice. Having bitten off the plaintiff's "guiding hand," the defendant's difficulty in swallowing should not be and is not a sufficient ground for this court to avoid reversing and remanding for a new trial on damages only.
BY ORDER OF THE COURT:
The opinion filed April 16th, 1986, related only to the bifurcated damages trial. The ordered new trial in that opinion relates solely to damages.
Further ORDERED that Appellees/Cross-Appellants' April 25, 1986 Motion for Rehearing is denied.