510 So.2d 926 (1987)
Juanita MILLER and Juanita Miller As Personal Representative of the Estate of Robert Miller, Deceased, Appellant,
v.
Antonio COURT, M.D., and Alexander Miranda, M.D., Appellees.
No. 85-2660.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
Rehearing and Rehearing Denied September 3, 1987.
*927 Kevin J. Carroll of Charles C. Powers, P.A., West Palm Beach, for appellant.
Marjorie Gadarian Graham and Hayward D. Gay of Jones & Foster, P.A., West Palm Beach, for appellees.
Rehearing and Rehearing En banc Denied September 3, 1987.
WALDEN, Judge.
This is a medical malpractice action brought by Mr. and Mrs. Miller against Doctors Court and Miranda because of alleged negligent medical treatment of Mrs. Miller. After suit was filed, Mr. Miller died and the case was continued in the name of Mrs. Miller, individually, and Mrs. Miller, as personal representative of her husband's estate.
Without detailing, there was a wealth of testimony and evidence, pro and con, presented at the jury trial. Judgment was granted in favor of the doctors and they were awarded their attorney fees. Mrs. Miller appeals. We reverse and remand for a new trial.
Two of the nine issues raised by Mrs. Miller constitute reversible error. The first issue is whether the trial court erred in not giving Mrs. Miller's requested jury instructions on concurring causes and on aggravation of a pre-existing condition.
The standard jury instruction 5.1(b) on concurrent causes is applicable when the plaintiff's injury is caused by a doctor's negligence, acting upon and combined with the plaintiff's pre-existing physical condition. Goodman v. Becker, 430 So.2d 560 (Fla. 3d DCA 1983); Higgins v. Johnson, 434 So.2d 976 (Fla. 2d DCA 1983); and Marrero v. Salkind, M.D., 433 So.2d 1224 (Fla. 3d DCA 1983), petition for rev. denied, 444 So.2d 418 (Fla. 1984). In the instant case, there was evidence presented that Dr. Court's alleged negligence combined with Mrs. Miller's pre-existing diabetic condition causing her coma. Dr. Court's negligence was alleged to be his taking Mrs. Miller off her diabetic medicine and his failing to substitute an alternative drug. This evidence entitled Mrs. Miller to an instruction on concurring causes, and the failure to give such instruction constituted reversible error. See Goodman; Higgins; and Marrero.
Moreover, Mrs. Miller was entitled to a jury instruction on aggravation of a pre-existing condition. The gravamen of Mrs. Miller's complaint was that her coma resulted from the appellees' negligent medical treatment which aggravated her pre-existing medical condition, diabetes. There was evidence presented at trial to support this theory, and therefore, the court's failure to give an instruction on aggravation of a pre-existing condition was reversible error. See Mack v. Garcia, M.D., 433 So.2d 17 (Fla. 4th DCA 1983), petition for rev. denied, 440 So.2d 352 (Fla. 1983); and Washewich v. LeFave, 248 So.2d 670 (Fla. 4th DCA 1971).
The second issue raised was whether it was error to admit Mr. Miller's medical records into evidence and in allowing the defense counsel to repeatedly refer to Mr. Miller's alleged abuse of alcohol and drugs during closing argument. After reviewing the evidence, we find that it was reversible error to introduce the medical records at trial, because they were irrelevant to the case at hand, and highly prejudicial to the appellant.
Appellees argue that the information contained in Mr. Miller's medical records was relevant to their defense that Mrs. Miller's coma was caused by her abuse of drugs and alcohol, rather than by appellees' medical treatment of Mrs. Miller. The medical records in question did include two letters in which Mr. Miller requested tranquilizers for Mrs. Miller. These two letters were relevant and admissible. However, none of the other information in Mr. Miller's medical records was relevant to the appellees' defense or to any other issue raised at trial. Accordingly, it was reversible error to admit all of Mr. Miller's medical records into evidence at trial.
Finally, the defense counsel's comments on Mr. Miller's alleged abuse of alcohol and drugs during closing argument were improper. During closing argument, counsel is limited by the evidence and issues presented and the inferences which can be drawn from the evidence. Tito v. *928 Potashnick, 488 So.2d 100 (Fla. 4th DCA 1986), rev. denied, 494 So.2d 1152 (Fla. 1986). As previously stated, evidence as to Mr. Miller's alleged abuse of alcohol and drugs was inadmissible, being both irrelevant and highly prejudicial. Therefore, the defense counsel's comments on this information were improper and constituted reversible error.
Accordingly, we reverse and remand for a new trial in accordance with this opinion.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., concur.