ANSTEAD, Judge,
concurring specially.
I agree that the judgment in this wrongful death case should be affirmed for the reasons set out in the majority opinion. I write separately only to note the difficulty courts have in dealing with the rhetoric used by counsel during the course of arguing the case to the jury.
This court reversed an earlier smaller award to the appellees because of arguments by defense counsel suggesting that the mother of the child beneficiary of the deceased’s estate would probably remarry and the child thereby provided with a stepfather. Tito v. Potashnick, 488 So.2d 100 (Fla. 4th DCA 1986). On retrial a more substantial verdict was returned and the defense now asserts as error arguments by the child’s counsel that the child will never have a father. The child’s mother and father were never married and the child was two (2) months old at the time of the father’s death. The award in the earlier trial was $209,220.00, whereas the award now being affirmed is for $2,283,127.00.
The defense never objected to the remarks now complained of and in my view has waived the right to complain on appeal. Even if there had been an objection, it is clear that counsel had the right to point out that the child would never have his natural father available to him. Still, I am disturbed that the defense here was absolutely precluded by our earlier opinion from making any reference to the possible appearance in the child’s life of a stepparent, while the other side was free to assert that the child would never have a father or father figure in his life. In my view, courts should be cautious in reversing jury decisions because of improper argument where the trial court has carefully exercised its discretion not to intervene and grant a new trial. We are exercising that caution here.