566 So.2d 544 (1990)
Catrina BANKS, a Minor, by and through Her Parents and Next Friends, Roy Banks, and Maria Banks, Individually, Appellants,
v.
HOSPITAL CORPORATION OF AMERICA, a Tennessee Corporation, D/B/a Plantation General Hospital; and Hospital Development and Service CORP., a Florida Corporation, D/B/a Plantation General Hospital, Appellees.
Nos. 88-3135 and 88-3452.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
Rehearing and Rehearing Denied October 1, 1990.
Sheldon J. Schlesinger, P.A., Fort Lauderdale, and Jane Kreusler-Walsh and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for appellants.
Susan L. Dolin of Conrad, Scherer & James, Fort Lauderdale, for appellees.
Rehearing and Rehearing En Banc Denied October 1, 1990.
GARRETT, Judge.
This is a consolidated appeal of a medical malpractice action. We write to address the trial judge's failure to give the standard jury instruction for concurring cause.
*545 Catrina Banks, born prematurely with a respiratory problem, had to have an umbilical artery catheter inserted into her aorta. Two months later, she underwent surgery for the removal of the part of the catheter left in her body. At trial, appellants asked the trial judge to give all three sections of the Florida Standard Jury Instruction (Civil) 5.1. The trial judge only gave section 5.1a.[1] We reverse.
Standard Jury Instruction 5.1b. reads:
In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] damage.
The "NOTE ON USE" following Standard Jury Instruction 5.1 states:
Charge 5.1a (legal cause generally) is to be given in all cases. Charge 5.1b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage. Charge 5.1c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
Appellees admitted negligence, but denied that their negligence caused appellants' loss, injury or damage. The evidence adduced at trial supported the issue that the premature birth and the negligence (which occurred on the same day) were concurring causes of Catrina's learning disabilities and medical problems. If evidence adduced at trial creates an issue, litigants have the right to have the trial court instruct the jury on the law applicable to that issue. Tilley v. Broward Hospital District, 458 So.2d 817, 818 (Fla. 4th DCA 1984) (also involved a premature birth and hospital negligence). The standard for reviewing the failure to give a jury instruction is "whether ... there was a reasonable possibility that the jury could have been misled by the failure to give the instruction." Id. Because causation remained an issue, the jury should have been instructed as to the legal consequences of a concurring cause. If so instructed, the jury may have concluded that appellees' negligence caused appellants' loss, injury or damage even though such negligence operated in combination with the lasting adverse effects of the premature birth.
Accordingly, there is a reasonable possibility the jury could have been misled when the trial court failed to instruct on a concurring cause. Such failure to give the concurring cause instruction constituted reversible error. We reverse and remand for a new trial.
However, because appellants failed to address the trial court's granting of appellee Hospital Corporation of America's motion for directed verdict we affirm as to that issue. City of Miami v. Steckloff, 111 So.2d 446 (Fla. 1959).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR A NEW TRIAL.
ANSTEAD and POLEN, JJ., concur.
NOTES
[1] Because neither party requested the giving of Florida Standard Jury Instruction (Civil) 6.2b. (aggravation or activation of disease or defect), the judge did not so instruct the jury. Based on the facts of this case, we can only wonder why no one requested that such instruction be given.