FARMER, Judge,
dissenting.
I dissent from the affirmance because I believe that the testimony of the expert witnesses Poser and Schneck created a question of intervening negligence as to the later conduct of Dr. Brown. Both of these experts testified that they were unable to separate the damage caused by the earlier negligence of the anesthesiologists from that caused by the later negligence of the neurologist.
In this circumstance, plaintiff was entitled as a matter of law to an intervening cause instruction. See Fla.Std. Jury Instr. (Civil) 5.1(c) and 6.11(a); Banks v. Hospital Corp. of America, 566 So.2d 544 (Fla. 4th DCA1990) (failure to give jury instruction on issue raised by evidence is reversible error), rev. denied, 577 So.2d 1326 (Fla.1991). Any doubts as to whether the later negligence was merely concurring rather than intervening should have resulted in giving both forms under standard instruction 5.1(b) and 5.1(c). The jury should have resolved the factual question as to whether the later negligence was superseding.