608 So.2d 833 (1992)
Patricia MARINELLI and Geriann Coultas, Appellants/Cross-Appellees,
v.
Cheryl GRACE, Appellee/Cross-Appellant.
No. 91-0060.
District Court of Appeal of Florida, Fourth District.
September 9, 1992.
On Motion for Clarification December 2, 1992.
John R. Hargrove, Lillian W. Conrad and Heinrich Gordon Batchelder of Hargrove Weihe & Gent, Fort Lauderdale, for appellants/cross-appellees.
David H. Krathen of David H. Krathen, P.A. and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellee/cross-appellant.
STONE, Judge.
We affirm the trial court's award of a new trial following a defense verdict on damages in this negligence action. At trial, the court denied the plaintiff's requested *834 jury instruction on concurring cause. In ordering the new trial, the court found that there was a "definite possibility that the jury could have been misled into returning a verdict for defendants by failure of the court to give the requested instruction on concurring cause."
[injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].
Recognizing that the defense would attempt to capitalize on the "but for" language in standard jury instruction 5.1(a) on causation, the plaintiff requested the additional instruction on 5.1(b). The plaintiff was concerned that "but for" terminology used in final argument would mislead the jury by implying that a defense verdict on damages was required unless the jury found that the plaintiff's condition occurred as a result of the accident alone. The 5.1(a) instruction, when given alone, is misleading where there are two or more causes of a plaintiff's injuries, since the instruction may lead a jury to conclude that a defendant is only liable if the defendant's negligence is the sole cause of the injuries. See Banks v. Hospital Corp. of America, 566 So.2d 544 (Fla. 4th DCA 1990), rev. denied, 577 So.2d 1326 (Fla. 1991).
The plaintiff requested the 5.1(b) instruction so that the jury would understand that the plaintiff could recover as long as the accident was one of the causes of the damage, and that it need not be the only cause. The 5.1(b) causation instruction is required where the defendant's negligence acts in combination with plaintiff's physical conditions to produce the resulting injury. See generally, Hawkins v. Williams, 557 So.2d 618 (Fla. 4th DCA), rev. dismissed, 570 So.2d 1307 (Fla. 1990); Miller v. Court, 510 So.2d 926 (Fla. 4th DCA 1987), rev. denied, 523 So.2d 576 (Fla. 1988); Tilley v. Broward Hosp. Dist., 458 So.2d 817 (Fla. 4th DCA 1984); Goodman v. Becker, 430 So.2d 560 (Fla.3d DCA 1983).
In Goodman, the plaintiff's position was that the defendant's negligence in performing an operation, acting upon and combined with his preexisting physical condition (circulatory and hypertensive problems), caused him to suffer a resulting stroke. Goodman, 430 So.2d at 561. Judge Schwartz, writing for the majority, held that it was reversible error for the trial court to deny the requested concurring cause instruction because the charge "correctly reflects the equally unassailable principle that a wrongdoer remains liable for a consequent harm when the result is caused by a congruence of his own negligent act with a natural force or condition ... such as Goodman's preexisting physiological and anatomical status." Id. at 561.
We recognize that here, unlike most instances in which the concurring cause instruction is given, it cannot be contended that either cause in the absence of the other could have resulted in the plaintiff's condition, as obviously the trauma from the accident could never cause the plaintiff's condition absent the preexisting lupus.[1] However, we note that there is no reason to conclude in Goodman that the giving of the anesthesia alone could have resulted in a stroke absent the plaintiff's preexisting hypertension condition.
The appellants argue that the jury in any event receives an instruction that it may consider any aggravation of an existing condition resulting from the injury. However, the instruction on assessing damages, standing alone, is patently insufficient protection against the risk of confusion arising by a failure to give the concurring causation instruction.
The appellants assert that there was no reason here to conclude that this jury *835 was confused. However, the trial court recognized that there is a heightened risk that the "but for" language of 5.1(a), without further instruction, can easily be interpreted by any jury as absolving a defendant as a matter of law. See Tilley, 458 So.2d at 817; Seguin v. Hauser Motor Co., 350 So.2d 1089 (Fla. 4th DCA 1977). The trial court properly exercised its discretion in awarding a new trial. We add that the failure to do so here would constitute an abuse of discretion.
Although we need not determine in this appeal whether the 5.1(a) instruction should always be given where the plaintiff's theory involves concurring causation and there is a risk of confusion, we would so hold. We take this opportunity to suggest to the Supreme Court Committee on Standard Jury Instructions that confusion could perhaps be avoided by rewording or combining the causation instructions.
Therefore, the order is affirmed.
LETTS, J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I completely concur in Judge Stone's opinion and write separately only to emphasize the suggestions made in the last paragraph of the majority opinion.
In my view, an instruction combining the provisions of 5.1(a) and 5.1(b) would be far more helpful to a jury than the present practice of reserving the use of 5.1(b) to those cases where the issue of another cause is apparent. The proposition set out in 5.1(b) is obviously correct, hence, its long history without challenge. Accordingly, there is little danger that its contents would cause harm. More importantly, however, by clarifying to a jury that a particular actor's negligence need not be the only cause of a claimant's injury, the statement in 5.1(b) illuminates the meaning of 5.1(a), and makes the proposition of legal cause set out therein more understandable. The concept of legal cause with its "but for" test may cause some to believe the claimed negligence must be the sole "real" cause of the injury. 5.1(b) dispels that notion by correctly and explicitly informing the jury that there may be multiple causes of an injury. This proposition is already implied by the words "contributes substantially" contained in 5.1(a). Stating the proposition explicitly should only help.
At the very least, as suggested by Judge Stone, courts should adopt a liberal policy of giving a 5.1(b) instruction, in order to avoid the possibility that a jury will be confused about its task of determining whether a particular alleged act of negligence was a cause, in fact, of a claimant's injury.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant the appellee/cross-appellant's motion for clarification and modify our opinion rendered September 9, 1992 by adding the following sentence to the end of the final paragraph:
We also affirm as to the issue raised on the cross appeal.
ANSTEAD, LETTS and STONE, JJ., concur.
NOTES
[1] The committee note to 5.1(b) provides that the concurring cause instruction is given to negate the idea that a defendant might be excused by reason of another cause concurring in time and contributing to the same damage as the other, but the note does not specifically address circumstances where the accident alone, absent the concurring cause, could not have produced the injury.