657 So.2d 967 (1995)
Michael REYKA, etc., et al., Appellants,
v.
HALIFAX HOSPITAL DISTRICT, etc., et al., Appellees.
No. 94-303.
District Court of Appeal of Florida, Fifth District.
July 21, 1995.
Sheldon J. Schlesinger, P.A., Fort Lauderdale, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellant.
William A. Parsons, of Woerner & Parsons, South Daytona, for appellee Halifax Hosp. Dist.
James W. Smith and Robert K. Rouse, Jr., of Smith, Schoder, Rouse & Bouck, P.A., Daytona Beach for appellees James T. Sutton, M.D., James T. Sutton, M.D., P.A., Stuart J. Doliner, M.D., James Henson, M.D., Robert Blannett, CRNA, Daytona Anesthesiology Associates, P.A., and Halifax Emergency Physicians.
W. SHARP, Judge.
Michael Reyka, personal representative of the estate of Cynthia Reyka, his deceased wife, appeals from a final judgment following a jury trial in favor of the various defendant *968 health care providers.[1] Reyka argues the trial court erred in failing to give his requested jury instruction concerning aggravation of a pre-existing condition. It was based on Florida Standard Jury Instruction 6.2(b):
Any aggravation of an existing disease or physical defect or activation of any such latent condition, resulting from such injury. If you find that there was such an aggravation, you should determine, if you can, what portion of CYNTHIA REYKA's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.
We affirm because we find that the failure to give this instruction in this case did not create reversible error.
This was a wrongful death case. The plaintiff sought to prove that the health care providers failed to properly detect and treat Cynthia's cardiac tamponade she suffered after being severely injured in an automobile accident.[2] Early in the morning on February 6, 1989, Cynthia (then nineteen years old) suffered extensive injuries in a collision with another vehicle. She was airlifted to the emergency room at Halifax Hospital, one and one-half hours after the accident. There she was treated by members of the trauma team and hospital staff. She suffered a cardiac arrest about one and one-half hours after her arrival at the hospital. This caused brain damage which eventually led to her death on February 21, 1989.
Reyka's theory in presenting this case was the health care providers should have detected and intervened to stop the cardiac tamponade which caused Cynthia's heart to arrest. It was malpractice on the part of the health care providers not to have prevented her arrest and ultimate death. The defendants argued that they were not negligent in their treatment, and that the sole cause of Cynthia's death was the injuries she received in the automobile accident. The jury returned a verdict finding no negligence on the part of the health care providers. It did not go further on the verdict form (as instructed) to determine the amount of damages, nor did it apportion fault among the defendants.
The trial court instructed the jury as to legal cause by utilizing Florida Standard Jury Instructions 5.1; a) legal cause generally, b) concurring cause, and c) intervening cause. The latter two instructions were given as follows:
In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage, even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such loss, injury or damage.
In order to be regarded as the legal cause of loss, injury or damage negligence need not be its only cause. Negligence may also be a legal cause of loss, injury or damage even though it operated in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable, and the negligence contributes substantially to producing such loss, injury or damage, or the resulting loss, injury or damage, or the resulting loss, injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.
Trial courts are accorded broad discretion in formulating appropriate jury instructions *969 and appellate courts do not find reversible error unless the error complained of resulted in a miscarriage of justice, or where the instruction or failure to give a requested instruction was reasonably calculated to confuse or mislead the jury. Goldschmidt v. Holman, 571 So.2d 422 (Fla. 1990). The party presenting a jury instruction point as error on appeal must show the requested instruction accurately states the applicable law, that the facts in the case support giving the instruction, and that the instruction was necessary in order to allow the jury to properly resolve all issues in the case. Auster v. Gertrude and Philip Strax Breast Cancer Detection Institute, 649 So.2d 883 (Fla. 4th DCA 1995); Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (Fla. 1988).
In this case, it does not appear that the failure to give the requested instruction produced any prejudice, even if it should have been given. The requested instruction derives from the standard jury instruction which allows the jury to apportion damages, once causation or legal liability has been found. Here the jury found there was no negligence, and thus there was nothing to apportion. All of the cases relied upon by Reyka involve the aggravation charge and its applicability to apportionment of damages. See, e.g., Hawkins v. Williams, 557 So.2d 618 (Fla. 4th DCA 1990), rev. dismissed, 570 So.2d 1307 (Fla. 1990); Mack v. Garcia, 433 So.2d 17 (Fla. 4th DCA), rev. denied, 440 So.2d 352 (Fla. 1983); Winn-Dixie Stores, Inc. v. Nafe, 222 So.2d 765 (Fla. 3d DCA 1969).
Further, this case is a wrongful death case. Asking a jury to apportion death damages under the requested instruction would be confusing. A victim of a negligent act may be more severely injured than otherwise, due to a prior or concurring cause, and thus it is possible to ask a jury to determine to what extent the negligent act made the original injury worse or more severe than it otherwise would have been. See Auster; Swain v. Curry, 595 So.2d 168 (Fla. 1st DCA 1992), rev. denied, 601 So.2d 551 (Fla. 1992). But death is the ultimate and complete injury. As a matter of common sense, it cannot be separated into greater or lesser degrees. All of the medical malpractice cases we have found, which hold that the failure to give the aggravation instruction was reversible error, concern injuries, not death suffered by a patient. See Auster; Miller v. Court, 510 So.2d 926 (Fla. 4th DCA 1987).
Appellant argues the concurring cause and intervening cause instructions were inadequate in this case. However, in medical malpractice cases where a health care provider is alleged to have caused the death of a patient, or damage to a patient, courts have held that reversible error occurred when the trial court failed to give both the concurring cause instruction and the intervening cause instruction. Zigman v. Robert E. Cline, M.D., 20 Fla. L. Weekly D821 (Fla. 4th DCA April 7, 1995); Banks v. Hospital Corp. of America, 566 So.2d 544 (Fla. 4th DCA 1990), rev. denied, 577 So.2d 1326 (Fla. 1991); Tilley v. Broward Hospital District, 458 So.2d 817 (Fla. 4th DCA 1984). As Judge Richard Frank explained in Zigman, the concurring cause instruction encompasses the medical malpractice situation where a health care provider is coping with an injury or condition of a patient which was previously caused either by disease or a prior accident. The preceding condition of the patient in these cases can conjoin with a defendant's subsequent alleged negligence, and they need not be simultaneous, as a literal reading of the instruction might infer.
In this case, the trial court gave the jury the two standard jury instructions which best cover the circumstances established at trial  the concurring cause instruction and the intervening cause instruction. They are the best the courts have at the moment, and it was clearly not error on the part of the trial court to have given them. Indeed, had it not done so, it might have created reversible error. See Auster; Marinelli v. Grace, 608 So.2d 833 (Fla. 4th DCA 1992), rev. denied, 620 So.2d 761 (Fla. 1993); Banks; Tilley; Higgins v. Johnson, 434 So.2d 976 (Fla. 2d DCA 1983); Goodman v. Becker, 430 So.2d 560 (Fla. 3d DCA 1983).
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] These health care providers include Halifax Hospital District d/b/a Halifax Medical Center, James Henson, M.D., Halifax Emergency Physicians, Meek, Freir, M.D.P.A., Michael P. Harrington M.D., and Michael P. Harrington, M.D.P.A., Stuart J. Doliner, M.D., Robert Blannett, CRNA, and Daytona Anesthesiology Associates, P.A.
[2] A "cardiac tamponade" is an acute compression of the heart due to a collection of blood from a rupture or penetrating trauma to the heart. Dorland's Illus. Medical Dictionary 1309 (26th ed. 1981).