GRIFFIN, J.,
dissenting
I respectfully dissent.
The liability issue in this case was whether the defendant, La Petite Academy, is liable due to its negligence in failing to properly supervise a three-year-old boy in its care. The child was observed by his teacher climbing up the ladder of a slide while holding a ball about the size of a soccer ball, cradled in one arm. Apparently, the child lost his balance and fell, sustaining a serious fracture.
The director of La Petite testified at trial that the child’s teacher should have instructed him to use both hands to go up the ladder.
Q: Was that done here? Was Jimmy Kamerzal [sic]—
A: Jimmy was obviously only held with one hand.
Q: Was Jimmy Kamerzal [sic] told to climb the slide ladder holding on with both hands?
A: Not particularly that morning. He was instructed other times.
[[Image here]]
Q: But, in any event, you do agree that a child of preschool age should be instructed to climb a slide ladder, as shown in this photograph, holding on with both hands?
A: Yes, sir.
Q: So, then, obviously if a child is instructed to climb a slide ladder like this holding on with both hands, he shouldn’t be allowed to climb that slide ladder holding onto a ball?
A: No sir, he shouldn’t be allowed, but what children do and are allowed to do are two different things. As a parent, I know that.
Q: Well, then, if a child is allowed to do it, then in some respect it’s unsafe.
A: It depends on the coordination of the child, I would say. If Jimmy felt he was comfortable going up that ladder *644 with one hand holding the ball that his mother brought, then he evidently felt comfortable doing that.
Q: And you felt that was okay?
A: I wasn’t there.
Q: Well, do you then say — you don’t know or you agree it wasn’t okay or do you think it was okay?
A: I don’t think it was agreeable with anyone.
(Emphasis supplied).
During the charge conference, the Kam-erzels asked the trial court to read the “concurrent cause” instruction. Defense counsel objected and the trial court sustained the objection. When the defense verdict came back in favor of La Petite, Kamerzels filed a motion for new trial setting forth, among other grounds, that the trial court should have read their requested jury instruction on concurrent cause. The trial court agreed that he had erred in failing to give the instruction and granted the motion for new trial.
The trial court correctly concluded that it had erred in failing to give the concurrent cause instruction and properly granted the Kamerzels’ motion for new trial. The lower court should be affirmed, not reversed.
The concurrent cause instruction[1] provides:
In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such loss, injury or damage.
(Emphasis supplied).
It is obvious that at least one of the causes of this child’s injury was his failure to ascend the slide stairs correctly. Either it was the only cause, or it was the cause concurrent with the failure of supervision by La Petite. The purpose of a concurrent cause instruction is to negate any inference to the jury that a negligent defendant is not hable for injury simply because there are other causes of the injury. See Klipper v. Government Employees Insurance Co., 622 So.2d 1141, 1144 (Fla. 2d DCA 1993). This case is somewhat analogous , to Auster v. Gertrude and Philip Strax Breast Cancer Detection Institute, Inc., 649 So.2d 883 (Fla. 4th DCA 1995). There, evidence was presented showing that the defense had misinterpreted the plaintiffs mammogram, resulting in a misdiagnosis of breast cancer. The Fourth District Court of Appeal disapproved the lower court’s failure to give a concurrent cause instruction because the jury should have been informed that the defendants could be negligent even though their negligence acted in combination with another cause — the plaintiffs condition prior to the jury. In Marrero v. Salkind, 433 So.2d 1224 (Fla. 3d DCA 1983), review denied, 444 So.2d 418 (Fla.1984), the jury’s verdict of no liability was reversed because the lower court had failed to give a concurrent cause instruction where there was evidence that the death of the plaintiffs wife was caused by the negligence of physicians in combination with a natural cause consisting of an amniotic fluid embolism.
In this case, La Petite, through the director, essentially admitted on the witness stand that La Petite had improperly supervised Jimmy’s play on the slide. If due care in supervising Jimmy had been exercised, Jimmy would not have been allowed to ascend the slide while holding on with one hand and carrying a large ball in the other. Yet, it is also apparent that the immediate and precipitating cause of Jimmy’s injury was his own failure to ascend the stairs properly, causing him to lose his balance and fall. The very purpose of the concurrent cause instruction is to let the *645 jury know that the negligence of La Petite could be “a legal cause of ... damage even though it operate[d] in combination with [Jimmy’s conduct].... ” Because the jury was not given that information, the jury may have been misled. The trial judge sat through the trial, and this was his conclusion. His decision to grant a new trial should be sustained.

. Fla. Stand. Jury Instr. 5.1(b).