PER CURIAM.
Appellant argues in the instant appeal that the trial court erred in denying her motion for new trial and in denying her motion to tax costs as the prevailing party. We affirm on the first issue, but we reverse and remand on the second.
Because appellee admitted liability, trial was held below in this negligence action solely on the issue of damages. During closing argument, appellee’s attorney addressed the damages requested by appellant. Stating that the evidence did not justify a $300,000 verdict, appellee’s counsel told the jury that appellant would be able to invest this amount to produce an income stream of $30,000 per year. Appellant’s objection that this argument was improper because only future economic damages should be reduced to present value was overruled, and appellee’s counsel briefly added that appellant, by investing the total judgment, could produce a sizea-ble income stream that would well exceed appellant’s annual income.
We agree that the argument was improper and that the trial court thus erred in overruling appellant’s timely objection. See Braddock v. Seaboard Air Line R.R., 80 So.2d 662, 668 (Fla.1955); Schaffner v. Chicago & North Western Transp. Co., 129 I11.2d 1, 133 Ill.Dec. 432, 541 N.E.2d 643, 652-53 (1989) (stating that defendant’s argument that any sum of damages awarded to the plaintiff could be invested to produce stream of income was improper because such argument invites jury to make either additional reduction in sums already reduced to present cash value by expert witness or improper reduction in sums that should not be reduced to present cash value, such as damages for pain and suffering). We hold, however, that the trial court did not abuse its discretion in denying a new trial. See Roach v. CSX Transp., Inc., 598 So.2d 246, 249 (Fla. 1st DCA 1992). In the instant case, the improper part of appellee’s closing argument was brief in the context of a rather lengthy closing argument, was not repeated, and was not a feature of the trial. In addition, the jury was properly instructed on the reduction to present value of future economic damages and the correct determination of any award of damages for pain and suffering. Accordingly, a new trial on damages is not required. See Tito v. Potashnick, 488 So.2d 100 (Fla. 4th DCA 1986), review denied, 494 So.2d 1152 (Fla.1986).
On the second issue raised here, appellant contends that the trial court erred in denying appellant’s motion to tax costs as the prevailing party under section 57.041, Florida Statutes. Appellee concedes that appellant is entitled to tax costs incurred before service of appellee’s offer of judgment.
Accordingly, we affirm the judgment in the instant case, but we reverse the court’s denial of appellant’s motion to tax costs and remand for entry of an order awarding appellant her taxable costs incurred before service of appellee’s offer of judgment.
JOANOS, MINER and DAVIS, JJ., CONCUR.